IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MATTHEW STARK, JR., *Plaintiff*, v. LELAND DUDEK, *Acting Commissioner of Social Security*, *Defendant*. | Civil Action No. 2:24-cv-1464 Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

On August 31, 2021, Plaintiff Matthew Stark, Jr. ("Plaintiff") filed a Title II application[1] for a period of disability and disability insurance benefits alleging disability beginning January 6, 2017, due to Guillain-Barre syndrome, diverticulitis, Lyme disease, and degenerative disc disease. The claim was denied initially on February 24, 2022, and upon reconsideration on August 23, 2022. (ECF No. 9-3). Plaintiff amended his disability onset date to January 1, 2021 (ECF No. 9-5, p. 35). He sought and obtained a telephone hearing before an administrative law judge ("ALJ"). The hearing was held on September 7, 2023. In a decision dated December 8, 2023, the ALJ denied Plaintiff's request for benefits. (ECF No. 9-2, pp. 20-32). On August 28, 2024, the Appeals Council declined to review the decision. (*Id.* at 2-5). Plaintiff filed an appeal with the Court and the parties have filed cross-motions for summary judgment (ECF Nos. 13 and 15). For the following reasons, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's.

---

[1] Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*

1

### I. STANDARD OF REVIEW

The Court's review of a social security case is based on the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner of Social Security ("the Commissioner") applied the correct legal standards, and whether the record as a whole contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the Court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* (citations omitted). So as to facilitate the

district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[ ]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). A district court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citation omitted).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001); see also 42 U.S.C. § 423(d)(1). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 416.920. At step one, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If

the claimant does have a severe impairment, the ALJ must proceed to step three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to steps four and five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 416.945(a). At step four, it is the claimant's burden to demonstrate an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 416.920(a)(4)(iv). At this stage, the burden of production shifts to the Commissioner who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See* 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all of the claimant's impairments to determine whether he or she is capable of performing work and is not disabled. *See* 20 C.F.R. § 416.923.

## II.   ANALYSIS

The ALJ made the following RFC finding:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is limited to standing and/or walking for only four hours of a standard eight-hour workday. The claimant must have the ability to alternate to standing for 5 minutes after every 25 minutes of sitting. The claimant must have the ability to alternate to sitting for 5 minutes after every 25 minutes of standing and walking. During times in which this individual alters position, the claimant is still capable of remaining on task. The claimant is limited

to no more than frequent bilateral overhead reaching. The claimant can climb ramps/stairs occasionally, never climb ladders/ropes/scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and never crawl. The claimant is unable to walk on uneven surfaces. The claimant can never work at unprotected heights, never work with moving mechanical parts, and never operate a motor vehicle. The claimant is limited to no more than occasional exposure to humidity, wetness, fumes, dusts, odors, pulmonary irritants, extreme cold, extreme heat, and vibrations.

(ECF No. 9-2, pp. 27-28). Then, considering Plaintiff's age, education, work experience and RFC, the ALJ found that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (*Id.* at 32-33). Ultimately, he found that Plaintiff has not been under a disability.

Plaintiff's argument that substantial evidence did not support the ALJ's findings, particularly as to the ALJ's RFC determination, is premised on Plaintiff's assessment of the record facts. Plaintiff sets forth his explanation of what the evidence shows and invites the Court to agree with him. However, the Court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft*, 181 F.3d at 360; *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009). Here, substantial evidence supports the ALJ's determinations, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 587 U.S. at 103.

### A. April Stark Letter

Plaintiff contends that the ALJ failed to consider the disability-supporting letter provided by his sister and caregiver, April Stark (ECF No. 9-6, pp. 102-03), in assessing the RFC. The Court disagrees; it is evident that the ALJ considered the letter.

Lay witness testimony is a category of evidence that an ALJ can consider. *See* 20 C.F.R. § 404.1513(a)(4). In her letter, Ms. Stark stated that Plaintiff's condition deteriorated to the point that he could not live alone and that "he could no longer stand long enough to fry an egg or cook a 3 minute meal in the microwave without collapsing." (ECF No. 9-6, p. 102). She quit her job, moved Plaintiff into her home, and became his caretaker. According to Ms. Stark, she removed Plaintiff's CPAP machine in the morning, escorted and assisted him in the bathroom, cooked his meals, did his everyday errands, and transported and accompanied Plaintiff to all doctor appointments. (*Id.* at 102-03). The ALJ specifically noted in his decision that Ms. Stark reported Plaintiff had substantial limitations,

> In disability documentation, the claimant alleged Guillain Barre Syndrome, diverticulitis, Lyme disease, and degenerative disc disease has limited his ability to sustain consistent employment (Exhibit 1E). Along with this, the claimant's sister reported the claimant to have substantial limitations (Exhibit 25E).

(ECF No. 9-2, p. 28).

Although the ALJ was not required to articulate how it considered evidence from Ms. Stark, a nonmedical source, *see* 20 C.F.R. § 404.1520c(d), it is apparent from the Court's review of the ALJ's decision that he considered Ms. Stark's letter, but ultimately found her reporting of Plaintiff's limitations contradicted by the medical evidence and medical opinions. The ALJ thoroughly outlined the evidence he relied upon in rendering his finding on RFC. He gave a detailed explanation of why the medical evidence supported his conclusion, including why he found Plaintiff's limitations to not be as severe as those reported by Plaintiff and Ms. Stark. (*Id.* at 28-31). That the ALJ did not explicitly discuss Ms. Stark's letter in detail is not fatal to his decision, which was well-reasoned and supported by the record as a whole. If his treatment of Ms. Stark's letter was somewhat deficient, the Court finds it to be harmless error as it did not

affect the outcome of the case. Substantial evidence supports the ALJ's findings and conclusions. The Court is not permitted to reweigh the evidence.

### B. Medical Opinion of Alexandra Smith-Demain, M.D.

Plaintiff contends that the ALJ erred in evaluating the medical opinion of the consultative examiner, Alexandra Smith-Demain, M.D. ("Dr. Smith-Demain"), when rendering his RFC finding. The Court disagrees; the record shows that the ALJ considered the testimony of Dr. Smith-Demain but found other medical evidence and opinions to be more worthy of evidentiary weight.

An ALJ must consider all relevant evidence in determining an individual's RFC, and the RFC finding "must 'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" *Fargnoli*, 247 F.3d at 41 (quoting *Cotter*, 642 F.2d at 704). This relevant evidence includes medical opinions of record. *See* 20 C.F.R. §§ 404.1520c, 416.920c. In evaluating these opinions, the ALJ assesses the persuasiveness by evaluating "the two most important factors[,]" which are "consistency and supportability." 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c).[2] After considering these factors, the ALJ makes a persuasiveness determination, which aides

---

[2] Supportability means "the extent to which the medical source's opinion is supported by relevant objective medical evidence and explanations presented by the medical source." *Cota v. Kijakazi*, Civil Action No. 21-cv-672, 2022 WL 3686593, at *5 (M.D. Pa. Aug. 25, 2022); 20 C.F.R. § 404.1520c(c)(1). As to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Consistency means "the extent to which the medical source's opinion is consistent with the record as a whole." *Cota*, 2022 WL 3686593, at *5; 20 C.F.R. § 404.1520c(c)(2). Regarding consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). A key difference between the two is that "supportability considers the evidence and explanations 'presented b[y] a medical source' whereas consistency looks at 'evidence from other medical sources and nonmedical sources in the claim ....'" *Gongon v.*

in the ultimate RFC finding. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). While it is not *per se* error for the ALJ to find a medical opinion persuasive and then not incorporate every limitation opined by that medical professional into the RFC, the ALJ must provide an adequate explanation of how he came to the specific RFC determination. *See Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014). Part of this explanation is an evaluation of these opinions, which includes analysis of the consistency and supportability factors. *See* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c).

Plaintiff first faults the ALJ for not articulating his consideration of the supportability and consistency factors with regard to the ALJ's decision regarding the weight it afforded to Dr. Smith-Demain's opinion. (ECF No. 14, p. 14). The Court does not find Plaintiff's argument to be persuasive as it is clearly refuted by the thorough opinion of the ALJ. As to supportability, the ALJ acknowledged Dr. Smith-Demain's findings but noted that the doctor "had limited opportunity to view the claimant." The doctor only evaluated Plaintiff once – on August 11, 2022. As to consistency, the ALJ noted that "the lifting and carrying limitations are not consistent with the imaging studies." (ECF No. 9-2, p. 31). Earlier in his opinion, the ALJ explained in depth the various imaging studies of Plaintiff throughout the years. Of note is the following explanation provided by the ALJ:

> The full longitudinal record fails to warrant greater limitations than those found in the above residual functional capacity for numerous reasons. First, as to the claimant's gastrointestinal issues, a June 1, 2021 CT scan of the abdomen and pelvis showed only equivocal mild mid sigmoid diverticulitis (Exhibits 4F/4-5 and 14F/11-12). Along with this, on February 10, 2022, the claimant was reported as not currently seeing a GI doctor (Exhibit 16F/9-14). Second, the claimant's treatment history as to the spine is relatively conservative with him only receiving

---

*Kijakazi*, Civil Action No. 22-cv-384, 2023 WL 3919467, at *13, 676 F.Supp.3d 383 (E.D. Pa. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)).

> injections. In particular, the medical evidence of record is without surgical intervention, and on February 28, 2022, the claimant was reported as not involved in formal physical therapy (Exhibit 15F/19-20). Third, it is noted that November 17, 2022 electro-diagnostic testing showed no evidence for an active lumbar radiculopathy, or focal mononeuropathy (Exhibit 12F/9-11). Further, examination results have been inconsistent and not consistent with the presence of greater limitations than those found in the above residual functional capacity along with being demonstrative of some improvement. For example, as discussed on February 28, 2022, the claimant exhibited profound right deltoid weakness of 2/5, C5 sensory deficit, and an antalgic gait (Exhibit 15F/19-20). However, on August 11, 2022, the claimant exhibited 5/5 strength in the upper extremities (Exhibit 11F). Further, on September 27, 2022, the claimant exhibited a normal gait (Exhibit 12F/21-22). On October 11, and November 29, 2022, the claimant exhibited normal gait, 5/5 strength, and intact sensation (Exhibit 12F/23-26). Finally, it is noted that the claimant at the disability hearing testified to living by himself. Along with this, in documentation from May 2022, the claimant reported that he was able to prepare his own meals, drive an automobile, shop in stores, pay bills, and count change (Exhibit 12E). For these reasons including these examinations and the above treatment history, the undersigned finds the testimony of Dr. Goldstein and the August 2022 physical assessments of the State Agency Medical Consultant (see disability hearing testimony and Exhibit 4A) to be persuasive, consistent with the full longitudinal record and supported with detailed discussion. Therefore, the Administrative Law Judge finds the above residual functional capacity.

(ECF No. 9-2, p. 30).

Next, Plaintiff faults the ALJ for not including his reasoning as to why he rejected some of the other limitations from Dr. Smith-Demain's opinion (i.e., "that Plaintiff could only occasionally reach overhead bilaterally, only occasionally use his feet for operation of foot controls, and should never be exposed to dust, odors, fumes and pulmonary irritants due to his asthma." (ECF No. 14, pp. 14-15)). The Court finds that the ALJ's decision as to the weight to afford the various medical opinions, including that of Dr. Smith-Demain, is accompanied by an adequate articulated rationale that is evident throughout his entire opinion. The ALJ's decision comported with the medical evidence and opinions of the medical experts whom the ALJ thought deserved the greatest weight, Gerald Joseph Levandoski, M.D. ("Dr. Levandoski") and Steven

Goldstein, M.D. ("Dr. Goldstein").[3] The Court cannot substitute its independent assessment of the evidence for the ALJ's determinations. Plaintiff's argument invites the Court to reweigh the evidence and afford more weight to the opinion of Dr. Smith-Demain, the medical evidence, and other medical opinions, which it cannot do. The ALJ reasonably analyzed the medical evidence and opinions and substantial evidentiary support exists for why he found Dr. Smith-Demain's opinion unpersuasive. The ALJ properly analyzed Dr. Smith-Demain's opinion.

### C. Untimely Opinion of Paul Rogi, M.D.

Plaintiff asks the Court to remand this case for the ALJ to consider the opinion of Paul Rogi, M.D. ("Dr. Rogi"), which was dated nineteen days after the ALJ's decision. In his December 27, 2023, report, Dr. Rogi opines (by checking various boxes on a medical assessment form) that Plaintiff has extreme limitations – i.e., he cannot lift more than ten pounds, could not use his hands to grasp, turn or twist objects, could not use his fingers for fine manipulations, could not use his arms to reach overhead, and could not perform the simplest of work because he was not able to mentally. (ECF No. 9-2, pp. 14-19).

The Court can consider whether this new evidence demonstrates the need for the case to be remanded under sentence six of 42 U.S.C. § 405(g), which provides, in relevant part:

---

[3] The state agency physician at the reconsideration level, Dr. Levandoski, reviewed the record, including Dr. Smith-Demain's report and opinion. (ECF No. 9-3, pp. 13-15). Dr. Levandoski found that Plaintiff could occasionally lift and/or carry up to twenty pounds occasionally, and ten pounds frequently; push and/or pull in upper and lower extremities an unlimited amount; occasionally engage in postural activities but could never climb ladders/ropes/scaffolds or crawl; and had no manipulative limitations but had some environmental limitations such as avoiding concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards. (*Id.* at 13-16). At the hearing before the ALJ in September 2023, Dr. Goldstein testified and opined that Plaintiff could perform light work with occasional postural activities, but that he could not climb ladders, ropes or scaffolds, and should not walk on uneven surfaces. Dr. Goldstein further opined that Plaintiff would not have manipulative or overhead reaching limitations. (ECF No. 9-3, pp. 47-49).

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g). To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: first, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Hum. Servs.*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

The ALJ's analysis as to RFC sufficiently encompassed the longitudinal record accurately. But according to Plaintiff, there were no medical opinions from a treating provider relative to his overall functioning and severe impairments, and therefore, Dr. Rogi's opinion is relevant and probative. The Acting Commissioner counters that Dr. Rogi's opinion was not material and does not relate to the period prior to the ALJ's December 8, 2023, decision. Furthermore, he argues that Dr. Rogi's opinion was not new in that it was available for Plaintiff to obtain as Dr. Rogi had been treating Plaintiff since January 2023. (ECF No. 9-2, p. 14). Lastly, the Acting Commissioner notes that Plaintiff failed to come forth with good cause for not submitting Dr. Rogi's report:

> The ALJ held hearings in February, May, and September 2023 (Tr. 41-116). The ALJ promptly concluded the February 2023 hearing to provide Plaintiff with the opportunity to obtain additional records (Tr. 41-78). Then at the September 2023 hearing the ALJ agreed to leave the record open for two weeks for Plaintiff to submit additional information (Tr. 64, 77). The ALJ thereafter rendered his decision in December 2023, about three months later (Tr. 19). Despite having

11

many months to submit a medical opinion, Plaintiff did not provide the opinion at issue before the ALJ's decision on December 8, 2023 (Tr. 12-18).

(ECF No. 16, p. 17).

The Court finds that remand is not warranted. While Dr. Rogi's opinion can be classified as new, it is cumulative of other evidence of record as to Plaintiff's functional limitations. More importantly, it is not material in that it came into existence after the ALJ's decision. While Plaintiff posits that the evidence relates to conditions present before, that is not evident from Dr. Rogi's opinion. Plaintiff does not show how the post-dated evidence that largely describes how Plaintiff presented at the time of his medical appointment with Dr. Rogi postdating the relevant period, is probative of his functional limitations during the relevant period. Dr. Rogi's report does not purport to relate to any time except the time in which it was prepared.[4] The materiality requirement "is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." *Szubak*, 745 F.2d at 833; *see also Rainey v. Astrue*, Civil Action No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). If anything, Dr. Rogi's opinion speaks to the subsequent deterioration of Plaintiff's condition.

Even if Dr. Rogi's opinion could be found to relate back to the relevant period, Plaintiff failed to establish good cause for not having incorporated this evidence into the record previously. No reason has been offered for failing to obtain the function-by-function opinion

---

[4] While a medical source's treating relationship with the claimant is still a valid consideration, as previously discussed herein, the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability. *See* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c). Plaintiff has not submitted contemporaneous records of such treatment with Dr. Rogi. It is of further note that a physician's statement that a claimant is "disabled" or "unable to work" is not binding on the ALJ, as opinions as to whether a claimant is disabled is reserved to the Commissioner of Social Security. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i) and 416.920b(c)(3)(i); *Griffin v. Comm'r of Soc. Sec.*, 305 F. App'x 886, 891 (3d Cir. 2009); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000).

from Dr. Rogi – who treated Plaintiff as early as January 2023 – sooner in order to make it available to the ALJ when he rendered his decision, particularly since the ALJ had left the record open for the submission of additional evidence. Plaintiff has not carried his burden of establishing good cause for failing to present Dr. Rogi's opinion to the ALJ. *See Stover v. Comm'r of Soc. Sec.*, Civil Action No. 16-1265, 2017 WL 3190724 at *4 (W.D. Pa. July 27, 2017) (stating the mere fact that evidence did not exist at the time of the hearing is not good cause for failure to timely obtain and file such evidence before the ALJ).

The Court holds that remand is not warranted. It would undermine the principles of Section 405(g). *See Matthews*, 239 F.3d at 595 ("If we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand.").

### III. CONCLUSION

Upon consideration of the parties' cross-motions for summary judgment (ECF Nos. 13 and 15), and after reviewing the Acting Commissioner of Social Security's final decision to deny Plaintiff's request for benefits and the entire record, the Court finds that the Acting Commissioner's findings are supported by substantial evidence and affirms. By Order of Court to follow, it will deny Plaintiff's motion and grant the Acting Commissioner's.

BY THE COURT:

Dated: 6/23/25

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE